WOOD, J.
By the statute (29 O. L. 109, 10) sheriffs are made-liable to amercements at the instance of the defendant in execution, for refusing to sell property levied upon; for neglect to appraise land and return a copy to the clerk; for neglect to return the execution, or an inventory of the goods, ¿so., unless he has made the money in full; or neglect to pay over on demand any surplus-money made on sale of defendant’s property, more than sufficient, to satisfy the execution. No amercement is provided for the oppressive acts of the sheriff, other than those enumerated — for all others, the party injured is left to his remedy by action. The case before us is not within the law — no money was made on a sale of property. The money was voluntarily paid to the sheriff. He has-taxed the costs, as he was bound by his oath to do. If he taxed too much, more than he had a right to, the defendant might have-resisted payment, and submitted the taxation to the revision of the Court of Common Pleas, and had it corrected. He could' also have reviewed the taxation in that court, after he had 721] *paid, and had it corrected. He could not amerce: because the amercement is a penal proceeding, varying from the course of the common law, and only to be pursued when expressly authorized by law. The order amercing the sheriff is reversed.
It is unnecessary to look at the other point discussed. The right to poundage would seem to be settled against the sheriff in the case of Vance v. Bank of Columbus: (2 O. 215.)
*747 [Amercement is penal, and to be strictly within letter and spirit of law; Cook v. Drake, 1 W. L. J. 104, 106; B'k of Gallipolis v. Domigan, 12 O. 220, 236; Conkling v. Parker, 10 O. S. 28, 32.]